# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FATE BURNETT II,

               Petitioner,    :    Case No. 3:19-cv-315

  - vs -                            District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution,

                                       :

               Respondent.

# REPORT AND RECOMMENDATIONS

This is an action on a Petition for Writ of Habeas Corpus, brought *pro se* by Petitioner Fate Burnett II pursuant to 28 U.S.C. § 2254. Burnett seeks relief from his conviction in the Common Pleas Court of Clark County, Ohio, for operating a motor vehicle under the influence of alcohol.

Burnett pleads the following grounds for relief:

> **Ground One:** Denial of Due Process of Law per 14th Amendment where conviction based upon insufficient evidence.
>
> **Supporting Facts:** The petitioner's conviction is not supported by sufficient credible evidence where the trier of fact's inference of guilt is bases [sic] solely and entirely on another inference.
>
> **Ground Two:** Denial of effective assitance [sic] of trial counsel & trial court in violation of 6th and 14th Amendment.
>
> **Supporting Facts:** Trial counsel gave petitioner false legal advise [sic] concerning proper jury instructions which effected [sic] his decision as to what plea to enter and whether he would testify and trial court caused defense counsel's ineffectiveness where court agreed to give requested jury insuruction [sic] but did not thereby

>           effecting [sic] defense strategy, a constitutional structural defect
>           error.

(Petition, ECF No. 1-1.) Burnett asserts he raised Ground One on direct appeal and Ground Two in post-conviction.

**Litigation History**

The incident involved in this case occurred in the early morning hours of January 12, 2017. Police officers were dispatched to 223 South York Street in Springfield, Ohio, to investigate a car crashed into the back yard of that house, the residence of Petitioner's aunt, Brenda Burnett, and her husband, Charles Porter. *State v. Burnett*, 2018-Ohio-109 (Ohio App. 2nd Dist. Jan. 12, 2018), appellate jurisdiction declined, 152 Ohio St. 3d 1483 (2018). Officer Derek Smith, the first on the scene, testified he found a pickup truck in the Porter yard with the engine revving and the rear wheels spinning, but the car was just rocking in the mud with its front passenger wheel completely broken off. *Id.* at ¶ 3. Petitioner was in the driver's seat, obviously intoxicated. *Id.* Upon being ordered out of the truck, Burnett charged at the officer but was restrained. He claimed his aunt had been drinking with him at Waldon's bar, had driven him to her house, and then asked him to remove the truck from the yard. At first denying that anyone other than himself and Brenda had driven the truck that night, he later claimed his father had driven the truck and he had been dropped off at his aunt's house by Cody Kizer. *Id.* Burnett refused to perform field sobriety tests or to submit to breath alcohol testing.

Brenda Burnett testified she had not seen Petitioner that evening at Waldon's, where she worked until 10 p.m., or for two or three weeks prior to that night. *Id.* at ¶ 6. She denied asking Burnett to move the truck and denied driving it that evening. Her husband also testified he saw

2

the truck moving and recognized Burnett when the police removed him from the truck and arrested him. *Id.* at ¶ 7.

Burnett did not testify in his own defense. Instead, Cody Kizer testified he was in bed when Burnett called him from Jimmy T's bar to pick him up. *Burnett*, 2018-Ohio-109 at ¶¶ 9, 10. On the way there, a tie rod broke, coincidentally in front of Brenda Burnett's home. *Id*. at ¶ 10. Kizer pulled the truck into the yard and called his fiancé, Jade Carpenter, to pick him up. *Id*. She did and they proceeded to Jimmy T's, picked up Burnett, returned him to the truck, and left him there with the keys because he was intoxicated and annoying. *Id.* at ¶ 10.

# Analysis

**Ground One: Insufficient Evidence**

In his First Ground for Relief, Burnett asserts he was convicted on insufficient evidence.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(*en banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the

3

testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio Oct. 12, 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 273 (1991)(paragraph two of the syllabus)(superseded by constitutional amendment on other grounds, see *State v. Smith*, 80 Ohio St.3d 89, 102 n.4 (1997)). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus

case, deference should be given to the trier-of-fact's verdict under *Jackson* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(*per curiam*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

Burnett presented his insufficiency of the evidence claim on direct appeal as his third assignment of error and the Second District resolved it as follows:

> **[\*P26]** In his third assignment of error, Burnett challenges the legal sufficiency of the evidence to sustain his OVI conviction. He cites the testimony of Carpenter and Kizer to support his claim that Kizer drove the truck to the yard where police observed it. He also argues that the truck was inoperable in the yard when police saw him in the driver's seat revving the engine and spinning the rear wheels. Based on this claim of inoperability, Burnett contends he cannot be convicted of OVI for his actions in the driver's seat.
>
> **[\*P27]** When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence

5

on an element of the offense to sustain the verdict as a matterof law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**[\*P28]** With the foregoing standards in mind, we find legally sufficient evidence to support Burnett's OVI conviction under either of two theories. First, circumstantial evidence supports an inference that an intoxicated Burnett drove the truck to the yard where police found it with a broken wheel. When questioned by police, Burnett gave seemingly conflicting stories about who had driven. He also claimed to have been with Brenda Burnett, but she refuted his assertion. She denied having been with him or seeing him that evening. Charles Porter also testified that it only took him a couple of minutes to go outside after hearing commotion. He did not see anyone exit the truck, which was moving back and forth. He also waited outside before police came and did not see anyone arrive or leave. The only person on the scene when police arrived was Burnett. The foregoing evidence, if believed, supports a reasonable inference that Burnett was driving the truck when it left the road and stopped in the yard. We note too that the testimony of Carpenter and Kizer reasonably could have been rejected by the jury. Having reviewed a transcript of their testimony, we find the credibility of these witnesses is questionable. Among other things, the jury reasonably could have rejected Kizer's claim that he and Carpenter dropped Burnett off at the truck and left him there with the keys, alone at night in January for several hours, before returning after daylight to look for him. Kizer's explanation for this seemingly implausible action was that Burnett was intoxicated and annoying. Contrary to Kizer's testimony, the jury reasonably could have concluded that Burnett drove himself to the location in the yard where police found him in the driver's seat revving the engine.

**[\*P29]** Second, the jury reasonably could have found Burnett guilty based on the police officers' observation of him operating the truck. The OVI statute, R.C. 4511.19(A), provides among other things that "[n]o person shall operate any vehicle \* \* \* if, at the time of the operation," that person is under the influence of alcohol. As set forth

> above, the term "operate" means "to cause or have caused movement of a vehicle[.]" R.C. 4511.01(HHH). The State presented uncontroverted evidence that Burnett caused the truck to move appreciably from side to side in the mud when he revved the engine and spun the rear wheels. Because the vehicle was able to move in the yard, it necessarily was operable within the meaning of R.C. 4511.19(A). Thus, we find legally sufficient evidence to support a finding that Burnett operated the vehicle in violation of the OVI statute. The third assignment of error is overruled.

*Burnett*, 2018-Ohio-109.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100(2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In this case the Second District applied the correct standard from *Jackson v. Virginia,* 443 U.S. 307 (1979). Further, the court reasonably applied *Jackson* to the evidence before it. Several people, including Charles Porter, gave direct testimony that they saw Burnett operating the vehicle – revving the engine and spinning the rear wheels in a vain attempt to move the truck.

Burnett's specific claim in his Petition is that his conviction is based on an impermissible inference upon an inference. However, he does not tell the Court which element of the crime he believes was improperly proved in that way. The Second District found that "circumstantial evidence supports an inference that Burnett actually drove the vehicle on the road before it came to a stop in the yard." *Id.* at ¶ 25. But the State did not have to prove that Burnett operated the

vehicle on the road. Ohio Revised Code § 4511.19 prohibits operating a vehicle anywhere in the state while under the influence, not just on public roads and highways. Although the issue was apparently not raised in the Second District, the jury was entitled to infer Burnett's ability to operate the vehicle was appreciably impaired by the testimony of Porter and Kizer that he was intoxicated and by his refusal to perform field sobriety tests or have his breath alcohol analyzed.

Burnett's First Ground for Relief is therefore without merit and should be dismissed.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Burnett claims he received ineffective assistance of trial counsel when his counsel gave him bad legal advice about jury instructions which affected his decision on whether to testify. Burnett raised this claim in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Unsuccessful at the trial court level, Burnett again appealed to the Second District Court of Appeals which affirmed the trial court's dismissal. *State v. Burnett*, 2019-Ohio-2461 (Ohio App. 2nd Dist. Jun. 21, 2019).

The Second District concluded that Burnett's Petition for Post-Conviction Relief was untimely filed, noting that the deadline was one year after the trial transcript was filed on direct appeal on May 25, 2017, and the petition was not filed until November 15, 2018. *Id.* at ¶ 15. Burnett was unsuccessful in proving that the facts he relied on could not have been discovered within the time required to file. *Id.* It furthermore held that the evidence supposedly outside the direct appeal record was not the sort of evidence described in Ohio Revised Code § 2953.23. *Burnett*, 2019-Ohio-2461 at ¶ 21.

The Second District also found Burnett's claims were barred by the Ohio criminal *res*

*judicata* doctrine:

> Ineffective assistance of counsel claims regarding inoperability as a defense, the rejection of a plea offer based upon [*State v.*] *Mackie*, [128 Ohio App.3d 167 (1st Dist. 1998),] and/or an alleged trial court error in instructing the jury on the meaning of "operating" a vehicle were or could have been brought on direct appeal. The alleged absence of trial testimony from the record could also have been raised on appeal. Finally, the trial court's failure to grant a continuance for Burnett to retain counsel could have been raised on direct appeal. The trial court correctly concluded that res judicata barred Burnett's arguments.

*Id.* at ¶ 21.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state

court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct.612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." Coleman, 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent

> state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

The Magistrate Judge concludes Burnett's Second Ground for Relief is procedurally defaulted in three different ways.

First of all, Ohio does have a statute of limitations on petitions for post-conviction relief: 360 days after the trial transcript is filed on direct appeal. Burnett did not file within that deadline and it was enforced against him. The State's interest in finality of criminal convictions strongly supports adoption of statutes of limitations on post-conviction collateral attacks on criminal judgments. Burnett has offered no excusing cause and prejudice to overcome this procedural default.

Second, Ohio has a criminal *res judicata* doctrine. Enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), it has frequently been upheld as an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 427 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Second District enforced the *Perry* doctrine in this case and Burnett has shown no excusing cause and prejudice.

Third, it appears from the record that Burnett never appealed the Second District's adverse decision in post-conviction to the Ohio Supreme Court. Burnett asserts in his Petition that he did appeal to the highest state court (ECF No. 1-1, ¶ 11(d)), but the Petition contains no identifying information about any such appeal and none can be found in the LEXIS or WestLaw databases.

Furthermore, the Ohio Supreme Court database contains only two cases involving Petitioner; his direct appeal and a 2014 case involving a certified conflict. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 8, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).