# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FATE BURNETT II,

        Petitioner,      :      Case No. 3:19-cv-315

- vs -      District Judge Thomas M. Rose
      Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution,

                                              :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 4). District Judge Rose has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 6).

Burnett seeks relief from his conviction in the Common Pleas Court of Clark County, Ohio, for operating a motor vehicle under the influence of alcohol.

Burnett pleads the following grounds for relief:

> **Ground One:** Denial of Due Process of Law per 14th Amendment where conviction based upon insufficient evidence.
>
> **Supporting Facts:** The petitioner's conviction is not supported by sufficient credible evidence where the trier of fact's inference of guilt is bases [sic] solely and entirely on another inference.
>
> **Ground Two:** Denial of effective assitance [sic] of trial counsel & trial court in violation of 6th and 14th Amendment.

1

> **Supporting Facts:** Trial counsel gave petitioner false legal advise [sic] concerning proper jury instructions which effected [sic] his decision as to what plea to enter and whether he would testify and trial court caused defense counsel's ineffectiveness where court agreed to give requested jury insuruction [sic] but did not thereby effecting [sic] defense strategy, a constitutional structural defect error.

(Petition, ECF No. 1-1.)

**Litigation History**

The underlying facts of the conviction are recited in the Report as taken from the decision of the Ohio Court of Appeals on direct appeal (ECF No. 4, PageID 41-42, quoting *State v. Burnett,* 2018-Ohio-109 (Ohio App. 2nd Dist. Jan. 12, 2018). The Objections do not dispute the accuracy of the summary of evidence contained in the Report. Because the Second District's is the last reasoned state court decision, it is that decision this Court must evaluate in habeas corpus. *Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

# Analysis

**Ground One: Insufficient Evidence**

In his First Ground for Relief, Burnett asserts he was convicted on insufficient evidence. The Fourteenth Amendment requires that every criminal conviction be supported by proof beyond a reasonable doubt on every element of the offense. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979);

*In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(*en banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio Oct. 12, 2007). This rule was recognized in Ohio law in *State v. Jenks*, 61 Ohio St. 3d 259, 273 (1991)(paragraph two of the syllabus)(superseded by constitutional amendment on other grounds, see *State v. Smith*, 80 Ohio St.3d 89, 102 n.4 (1997)). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* As the Report noted, after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), federal habeas courts must defer both to the jury's finding and to the state appellate court's review of that finding (ECF No. 4, PageID 43-44, citing *Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(*per curiam*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*); and *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Burnett presented his insufficiency of the evidence claim on direct appeal as his third assignment of error and the Second District decided it on the merits (Report, ECF No. 4, PageID 45-46, quoting *State v. Burnett*, 2018-Ohio-109, ¶¶ 26-29 (Ohio App. 2nd Dist. Jan. 12, 2018). The

3

Second District found there were two possible theories of what happened with legally sufficient evidence to support conviction under either theory. *Id.* at ¶¶ 28-29. The Report concluded that decision was entitled to deference under the 28 U.S.C. § 2254(d)(1).

In the Petition, Burnett claimed that his conviction was based on an impermissible inference upon an inference, but he did not plead which element of the crime he believes was improperly proved in that way (ECF No. 3, PageID 29). The Report concluded that the element of operating a vehicle was proved by the direct testimony of the police officer who observed Burnett vainly spinning the wheels of the truck trying to get it out of the mud in his aunt's yard. The element of substantial impairment by alcohol was proved by the testimony of witnesses Porter and Kizer that he was intoxicated. The Report thus recommended the First Ground for Relief be dismissed on the merits (ECF No. 4, PageID 47).

Burnett objects that one of the essential elements of the OMVI offense is that the vehicle be operable. He claims that the trial judge promised to give an instruction to this effect but did not and thereby "eased" the prosecution's burden of proof to below proof beyond a reasonable doubt (Objections, ECF No. 5, PageID 53). The Petition, however, does not plead anything about a failure to give a specific instruction -- Ground One pleads only the "inference upon an inference" theory.

Burnett did raise this question on direct appeal, however, as his First Assignment of Error and the Second District decided it as follows:

> **[\*P12]** In his first assignment of error, Burnett challenges the trial court's denial of his request for a special jury instruction regarding operation and operability of the truck.
>
> **[\*P13]** The statute under which Burnett was convicted, R.C. 4511.19(A), provides among other things that "[n]o person shall operate any vehicle * * * if, at the time of the operation," that person

4

is under the influence of alcohol. Prior to trial, Burnett requested the following instruction on the issue of "operation" and "operability":

> Operation of a motor vehicle within the contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his *actual or potential movement of the vehicle* while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1). However, inoperability is a defense where there is insufficient evidence to support the finding that at [the] time the defendant was in the driver's position in the front seat with the ignition key in his possession that the vehicle was immobile, not capable of movement or potential movement then the defendant was not at that time in operation of the motor vehicle and you must find him not guilty.

(Doc. #17).

[*P14] Burnett argued below that the foregoing instruction was warranted under *State v. Mackie*, 128 Ohio App.3d 167, 714 N.E.2d 405 (1st Dist.1998). The trial court disagreed. It found Mackie distinguishable. It also concluded that R.C. 4511.01(HHH), which was enacted subsequent to *Mackie*, adequately defined "operate" for purposes of the OVI statute. (Tr. at 245-246).

[*P15] "Requested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction. * * * An appellate court reviews a trial court's refusal to give a requested jury instruction for abuse of discretion." (Citations omitted.) *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240.

[*P16] We see no abuse of discretion here. The first sentence of Burnett's requested instruction is no longer a correct statement of law. "Potential movement" of a vehicle by an intoxicated person in the driver's seat with an ignition key does not constitute a violation of R.C. 4511.19(A)(1). Prior to 2004, no statutory definition of "operate" existed for purposes of OVI, and the Ohio Supreme Court had defined the term broadly to encompass "'actual or potential movement of the vehicle'" by "'a person in the driver's position in the front seat with the ignition key in his possession.'" *State v. Anderson*, 1st Dist. Hamilton No. C-160920, 2017-Ohio-8641, ¶ 12, quoting *State v. Cleary*, 22 Ohio St.3d 198, 199, 22 Ohio B. 351,

490 N.E.2d 574 (1986). In 2004, however, the General Assembly defined the term "operate" as meaning "to cause or have caused movement of a vehicle[.]" R.C. 4511.01(HHH). The *Mackie* case cited by Burnett pre-dates the definition of "operate" in R.C. 4511.01(HHH). Under the statutory definition, an OVI conviction requires actual movement of a vehicle by an intoxicated person, not "potential movement." Therefore, the first sentence of Burnett's requested instruction misstated existing law.

**[*P17]** The second sentence of the requested instruction is faulty for multiple reasons. First, it is confusing and inaccurate. It reads that "inoperability is a defense where there is insufficient evidence to support the finding that at [the] time the defendant was in the driver's position * * * the vehicle was immobile, not capable of movement or potential movement[.]" This language is incorrect insofar as it continues to discuss "potential movement" in the context of an OVI offense. In addition, it literally states that "inoperability" is a defense where the evidence is *insufficient* to support a finding that the vehicle was immobile. But the logical result would be *mobility*, not immobility, if the evidence were *insufficient* to support a finding that the vehicle was immobile. The second sentence of the requested instruction also loosely resembles and relates to a new offense created by the General Assembly in 2004, having physical control of a vehicle while under the influence of alcohol. *See* R.C. 4511.194(B) (prohibiting being "in physical control of a vehicle" while under the influence of alcohol). For purposes of that offense, "'[p]hysical control' means being in the driver's position of the front seat of a vehicle * * * and having possession of the vehicle's * * * ignition key or other ignition device." R.C. 4511.194(A)(2). Here Burnett was charged with operating a vehicle while intoxicated, not having "physical control" of a vehicle while intoxicated. Therefore, the second sentence of the requested instruction was neither particularly pertinent nor necessary.

**[*P18]** With regard to operability and whether Burnett operated the truck at issue, the trial court gave the jury the statutory definition of "operate" set forth in R.C. 4511.01(HHH). (Tr. at 273-274). Under that definition, Burnett correctly could not be convicted unless he caused movement of the truck. Upon review, we cannot say the trial court abused its discretion in instructing the jury as it did or in rejecting Burnett's requested instruction. The first assignment of error is overruled.

*Burnett*, 2018-Ohio-109. To summarize, the Second District held that Burnett's requested

6

instruction did not reflect current law and the trial judge gave an instruction on operability which did reflect current Ohio law.

Even if Burnett amended his Petition to include this claim, it would be subject to dismissal with prejudice. There is certainly no constitutional right to have a jury instructed on obsolete law. The jury was actually instructed that Burnett could not be convicted unless the State proved beyond a reasonable doubt that he "operated" the truck, i.e. caused movement of the truck. Because there was direct testimony by the initial officer on the scene of Burnett's causing movement, there was sufficient evidence to establish that element.

Burnett claims the benefit of Ohio Revised Code § 2901.05(A), asserting that "once an affirmative defense is raised by the defense, the prosecution is required to disprove same beyond a reasonable doubt." (Objections, ECF No. 5, PageID 53-54). Burnett misreads that statute. For any defense except self-defense, defense of another, or defense of one's residence, the statute places the burden of proof of an affirmative defense on the defendant by a preponderance of the evidence. Furthermore, "inoperability" is not an affirmative defense. Rather, the State must prove operability by proving, beyond a reasonable doubt, that the defendant caused the vehicle to move. The jury here was instructed to that effect and returned a unanimous verdict.

Burnett claims that the trial judge committed structural error by giving the instruction he used (Objections, ECF No. 5, PageID 54, citing *Cage v. Louisiana,* 498 U.S. 39 (1990). That decision held unconstitutional certain Louisiana emendations on the usual reasonable doubt instruction. Nothing of the kind is involved here. The trial judge gave the appropriate instruction on the meaning of reasonable doubt.

Burnett also claims his conviction violates what he calls the "double inference rule." (Objections, ECF No. 5, PageID 56). He elaborates as follows:

7

> In the case *sub judice*, there is record evidence that another person drove the car where it was discovered by the police. In order to find the petitioner guilty in this case the jury had to infer that this other person was lying when he testified that it was he who drove the car and that it was the petitioner! Once the trier of fact inferred that his testimony was false they then inferred that the petitioner was the guilty party. In essence though the inference of guilt was predicated up on the prior inference.
>
> However, an inference cannot be deducted [sic] from or predicated on another inference, unsupported by other proven facts. *State v. Sims,* 191 Ohio App 3d 622,947 NE 2d 227, paragraph 19, citing: *Hurt v Charles J Rogers Transo.[sic] Co.*,164 Ohio St 329,130 NE 2d 820 {1955).
>
> It is not permissible to draw an inference from a deduction which itself is purely speculative and unsupported by an established fact. Where an inference not supported or drawn from a proven of known fact is indulged, neither inference has probative value. Such a process may be described as drawing an inference from an inference and is not allowable. At the beginning of every line of legitimate inferences there must be a fact, known or proved. *Hurt*, at 332, quoting: *Indian Creek Coal & Mining Co. v. Calvert,* 68 Ind App 474,120 NE 709 (1918).

*Id.*

The evidentiary prohibition on drawing an inference only from another inference is stated in Ohio law as follows:

> 1. An inference based solely and entirely upon another inference, unsupported by any additional fact or another inference from other facts, is an inference on an inference and may not be indulged in by a jury.
>
> 2. An inference which is based in part upon another inference and in part upon facts is a parallel inference and, if reasonable, may be indulged in by a jury.
>
> 3. It is permissible for a jury to draw several conclusions or presumptions of fact from the same set of facts and equally permissible for a jury to use a series of facts or circumstances as a basis for ultimate findings or inferences.

8

*Hurt v. Charles J. Rodgers Transp. Co.,* 164 Ohio St. 329, 332 (1955)(syllabus).[1]

As Judge Hall summarized the trial testimony, Cody Kizer testified for the defense that he was driving the truck in question to pick Burnett up from a bar when the tie rod broke in front of Burnett's aunt's house and he pulled the truck into that yard. *Burnett*, 2018-Ohio-109, ¶ 10. He and his girlfriend, Jade Carpenter, went in her car to pick up Burnett, who was Kizer's half-brother. After picking him up at Jimmy T's Bar, they all went back to the aunt's house where they dropped Burnett off with the keys to the truck. *Id.*

Burnett's theory is that the jury had to find Kizer was lying and from that inference proceeded to the further inference that Burnett was the driver. Not so. Kizer's testimony could be completely true and Burnett still guilty, because the State did not have to prove where Burnett operated the truck. That is, it did not have to prove he drove the truck into his aunt's yard. All that was necessary was to prove that he operated (caused movement of) the truck after he got to it. *Id.* at ¶ 29. While Judge Hall found the jury could reasonably have rejected Kizer and Carpenter's testimony and found him guilty from the contradictions in what Burnett told the police[2] that he drove the truck into the yard, it could also have adopted the independent evidence from the police officer who saw Burnett causing the truck to move in the yard. The jury did not make an impermissible inference on an inference.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Burnett claims he received ineffective assistance of trial

---

[1] Starting in 1858 the law in Ohio cases was what the court stated in the syllabus. The syllabus rule was abolished in 2002 when the Supreme Court of Ohio completely revised the Ohio Rules for the Reporting of Opinions. Because *Hurt* was decided before 2002, the syllabus rule applies to this statement of the law.
[2] Burnett did not testify at trial.

counsel. He first raised this claim in a petition for post-conviction relief under Ohio Revised Code § 2953.21. The Second District found his petition was barred by the statute of limitations, and his claims were barred by Ohio's criminal *res judicata* doctrine which requires that errors which can be raised on direct appeal are presented in that manner. *State v. Burnett*, 2019-Ohio-2461 (Ohio App. 2nd Dist. Jun. 21, 2019)

The Report found Ground Two was procedurally defaulted on the two bases cited by the Second District and also by Burnett's failure to appeal to the Supreme Court of Ohio (ECF No. 4, PageID 47-51). Based on that finding, Burnett acknowledges in his Objections that it becomes incumbent on him to show excusing cause and prejudice or that failure to adjudicate the claims on the merits will result in a miscarriage of justice (Objections, ECF No. 5, PageID 58). He does not attempt to show cause and prejudice and asserts that "actual innocence is not the only form of a miscarriage of justice." *Id.* He then lists a series of cases from the Supreme Court where he says the Court has found "constitutional structural defect errors [that] constitute a miscarriage of justice." *Id.* The supposed structural defect errors committed here are (1) failing to give the requested affirmative defense instruction and (2) violation of the double inference rule. *Id.* at PageID 59. For the reasons given above, the trial court did not err at all in these two instances. Moreover, Burnett has cited no Supreme Court case law clearly establishing, as required by § 2254(d)(1), that either of these types of error, had they been proven, would have risen to the level of structural error.

Finally, Burnett's premise is also wrong: the miscarriage of justice required to excuse a procedural default requires a showing of actual innocence. The "miscarriage of justice" standard, which is sometimes used synonymously with "actual innocence," requires some showing of actual innocence. In other words, they are the same standard, not alternative ways of avoiding a

procedural default. *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Calderon v. Thompson,* 523 U.S. 538 (1998). Burnett has not attempted to show actual innocence at all and his claim to a miscarriage of justice exception to procedural default is unpersuasive.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 24, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).