# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FATE BURNETT II,

          Petitioner,      :      Case No. 3:19-cv-315

  - vs -                    District Judge Thomas M. Rose
                           Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution,

                          :
          Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 8) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 7). District Judge Rose has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 9).

Burnett seeks relief from his conviction in the Common Pleas Court of Clark County, Ohio, for operating a motor vehicle under the influence of alcohol and pleads two grounds for relief:

> **Ground One:** Denial of Due Process of Law per 14th Amendment where conviction based upon insufficient evidence.
>
> **Supporting Facts:** The petitioner's conviction is not supported by sufficient credible evidence where the trier of fact's inference of guilt is bases [sic] solely and entirely on another inference.
>
> **Ground Two:** Denial of effective assitance [sic] of trial counsel & trial court in violation of 6th and 14th Amendment.
>
> **Supporting Facts:** Trial counsel gave petitioner false legal advise [sic] concerning proper jury instructions which effected [sic] his

1

> decision as to what plea to enter and whether he would testify and trial court caused defense counsel's ineffectiveness where court agreed to give requested jury insuruction [sic] but did not thereby effecting [sic] defense strategy, a constitutional structural defect error.

(Petition, ECF No. 1-1.)

In the initial Report, the Magistrate Judge rejected Burnett's claim that his conviction was based upon an inference on an inference and therefore recommended his First Ground for Relief be denied on the merits (ECF No. 4, PageID 47). The Report also concluded Burnett's Second Ground for Relief, claiming ineffective assistance of trial counsel, was procedurally defaulted because (1) his post-conviction petition under Ohio Revised Code § 2953.21 was untimely filed, (2) his claims could have been raised on direct appeal and therefore were barred by *res judicata* in post-conviction, and (3) Burnett never appealed the Ohio Second District Court of Appeals' post-conviction decision to the Supreme Court of Ohio. *Id.* at PageID 50.

Burnett objected. He added a new claim that the trial judge failed to instruct on operability, which he claimed is an element of the offense (ECF No. 5, PageID 53-55). The Supplemental Report rejected this claim because it was not made in the Petition and, in any event, had been rejected by the Second District as a misstatement of Ohio law (ECF No. 7, PageID 82-85.) He also reargued his "double inference" claim, which was rejected in the Supplemental Report, because that is not what happened in his case. *Id.* at PageID 86-87. The Supplemental Report again recommended dismissal with prejudice.

**The Instant Objections**

Burnett has objected again, this time raising thirty-two pages of objections to the Supplemental Report (ECF No. 8). These will be discussed as they appear in the Objections.

**Accepting the Truth of Allegations in the Petition**

Burnett claims that the Magistrate Judge has in effect granted judgment on the pleadings in violation of Fed.R.Civ.P. 12(c) which requires that all of a petitioner's allegations must be accepted as true (ECF No. 8, PageID 91). While that is a correct reading of Rule 12 in the usual civil case, in habeas corpus cases, Habeas Rule 4 supersedes Civil Rule 12. Habeas Rule 12 provides the Civil Rules may be applied in habeas cases unless they are inconsistent with the special rules adopted by the Supreme Court for habeas corpus cases. Habeas Rule 4 requires initial screening of new habeas petitions without any obligation to accept allegations as true.

**Insufficient Evidence**

As Burnett acknowledges in his Objections, the State had two alternative theories of his guilt, the past tense theory that he had driven the truck into his aunt back yard where it got stuck and the present tense theory that what the arresting officer saw – Burnett behind the wheel with the engine running, trying to get the truck out of the mud – constituted operating the vehicle.

Burnett objects that the past tense theory is rebutted by his brother's testimony that it was the brother who was driving the truck when the wheel broke opposite Burnett's aunt's property

3

(ECF No. 8, PageID 92). The difficulty with this rebuttal is that a jury is not required to believe everything it hears. The jury could have believed that Cody Kizer was biased and willing to "cover" for his brother. The jury could have found it too convenient that the breakdown just happened to occur across from the aunt's property. What the jury heard that was uncontested was that the officer found Burnett in the driver's seat of the truck very intoxicated in the middle of the night with the engine running. It would have been completely reasonable to infer from those circumstances that Burnett drove the truck to that location, especially because his aunt rebutted his claim he had been with her at Waldron's Bar. The inference that Burnett drove the truck to that location would not have been an inference from Kizer lying, but from all of the circumstances which it found not explained by Kizer's unaccepted testimony.

The State's present tense theory is that what Burnett was doing when he was arrested constituted "operating" the vehicle within the meaning of the statute. To support this theory, Burnett relies on *State v. Cooper*, 2000 Ohio App. LEXIS 865 (1st Dist. Mar. 10, 2000); *State v. Mackie*, 128 Ohio App. 3d 167 (1st Dist. 1998), *Columbus v. Seabolt,* 79 Ohio App. 3d 234 (10th. Dist. 1992); *State v. Gengler,* 1993 Ohio App. LEXIS 3928 (11th Dist. Aug. 13, 1993); *State v. Allberry*, 1991 Ohio App. LEXIS 458; *State v. McCain,* 1990 Ohio App. LEXIS 5301(4th Dist. Dec. 4, 1990); and *Toledo v. Voyles*, 14 Ohio App. 3d 419 (6th Dist. 1984).

Burnett relied on *Mackie* on direct appeal. The Second District found that *Mackie* had been superseded by statute in 2004 when the General Assembly adopted a definition of "operate" in Ohio Revised Code § 4511.01(HHH). *State v. Burnett,* 2018-Ohio-109 (2nd Dist. 2018). As the reader will note, all of the cases relied on by Burnett in his Objections pre-date both *Mackie* and the new statute. Burnett is not entitled to rely on the law as it was before it was amended.

4

**Ineffective Assistance of Counsel**

In the two Reports, the Magistrate Judge found Burnett's ineffective assistance of trial counsel claim procedurally defaulted. Burnett claims his procedural defaults are excused because he has presented a colorable claim of actual innocence (ECF No. 8, PageID 95).

The Sixth Circuit has described the actual innocence "gateway" through procedural default as follows:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Burnett has simply not presented any new evidence – evidence that was not presented at trial. The fact that he can make an argument on the sufficiency of the evidence does not amount to the same thing. It is a construction of the evidence already presented, not new evidence. Perhaps to try to make up for this deficiency, Burnett

provides a five-page Affidavit of Erroneous Facts in Record Based on Inferences (ECF No. 8, PageID 98-102). In it, Burnett testifies to what he says happened that night. But the Court cannot consider Burnett's testimony at this stage of the case. He had an opportunity to present his story to the jury and forfeited it when he did not testify at trial. Consideration of his testimony now is barred by 28 U.S.C. § 2254(e) and *Cullen v. Pinholster*, 563 U.S. 170 (2011). If Burnett had evidence of the quality required by *Souter* and *Schlup*, that evidence could be considered for purposes of excusing his procedural default. But that is not what his Affidavit presents.

**Conclusion**

Having reconsidered the case in light of Burnett's Objections, the Magistrate Judge again concludes it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 18, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days

because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).